IN RE BOARD OF PUBLIC LANDS AND BUILDINGS.

Officers of State Institutions: APPOINTMENT AND REMOVAL. The act defining the powers and duties of the board of public lands and buildings does not confer upon the board the authority to appoint and remove officers of state institutions of which they have supervision. Such appointments are to be made by the governor. *State v. Bacon,* 6 Neb., 286. *State v. Board of Public Lands and Buildings,* 7 Neb., 42.

THIS was a matter coming before the court upon the following letter:

OFFICE OF THE BOARD OF PUBLIC
LANDS AND BUILDINGS,
LINCOLN, NEB., Oct. 5, 1885.

*To the Supreme Court of the State of Nebraska:*

We, the undersigned members of the board of public

lands and buildings, would respectfully represent that a doubt exists in regard to the construction of section 10 of article V., entitled "Executive," and section 1, article XVI., entitled "Schedule" of the Constitution of the state of Nebraska, and sections 6 and 10 of chapter 40, of the Compiled Statutes of the state of Nebraska for 1885, entitled "Insane," and if not inconsistent with the duties of your honorable court, in order to further the proper execution of the law and the promotion of public service in this state, we would respectfully solicit an opinion from you upon the following question:

Does the appointment of the matron of the hospital for the insane lie in the governor or in the board of public lands and buildings, upon the nomination of the superintendent of the hospital for the insane?

Respectfully submitted,

E. P. ROGGEN,
*Secretary of State.*

C. H. WILLARD,
*State Treasurer.*

JOSEPH SCOTT,
*Com. Public Lands and Buildings.*

To this letter the judges replied as follows:

*To the Honorable Board of Public Lands and Buildings:*

GENTLEMEN—Deeming an answer to your communication of the 5th instant not inconsistent with our duties, we submit the following:

The powers of the board are defined by statute as follows: "They shall have general supervision and control of all the public lands, lots, and grounds, and all institutions, buildings, and the grounds thereto, now owned or that may hereafter be acquired by the state, including the saline lands, together with all salt springs, penitentiary lands, internal improvement lands and lots, as well as the state capitol building and grounds, the state penitentiary and grounds, the state hospital for the insane and grounds,

the asylum for the deaf and dumb and grounds, the asylum for the blind and grounds, and all other lands, lots, grounds, and buildings, now belonging or hereafter acquired by the state. *Provided, however,* That all lands, lots, grounds, and buildings or institutions set aside for and devoted to educational purposes be and hereby are excepted from the provisions of this act.

"Sec. 2.    The board of public lands and buildings shall have the power to make general directions, according to law, for the sale, leasing, or other disposition of the lands, lots, and grounds belonging to the state as aforesaid, and shall give warrant by their proceedings as such board to the commissioner of public lands and buildings for his action in the sale and leasing of such lands, lots, and grounds, and shall require of the said commissioner a full and detailed report of all such sales, leases, and the funds thereby acquired as hereinafter directed.

"Sec. 3.    The board shall have general custody and charge of all buildings and institutions, and the grounds thereto coming under the provisions of this act, and shall be responsible for the proper keeping and repair of the same, and shall require from the commissioner of public lands and buildings, who shall be the direct custodian of such institutions, buildings, and grounds, a report at least one in every three months, as to the condition of the same. *Provided,* That no additions shall be made to any public buildings without special appropriation of the legislature.

"Sec. 4.    The board shall have power, under the restrictions of this act, to direct the general management of all the said institutions, and be responsible for the proper disbursement of the funds appropriated for their maintenance, and shall have reviewing power over the acts of the officers of such institutions, and shall, on the part of the state, at regular meetings, as hereinafter directed, audit all accounts of such officers, including the accounts of the commissioner of public lands and buildings, except his salary.

The 5th and 6th sections relate to the mode of auditing and approving accounts.

Sec. 7. is as follows: "It shall be the duty of the board to take cognizance of all charges or complaints made against the said public officers, and at a regular meeting to give an impartial hearing to such charges and the defense against them, if any, and report the charges, evidence, and their conclusion in the matter to the governor within six days after the determination of such investigation." Comp. St., Ch. 83, Art. VII. These sections of the statute are all that relate to power of the board except in relation to the penitentiary, and it will be seen that the authority to appoint officers of state institutions is not given, while section 7 requires the board after examining charges against public officers to report the charges, evidence, and their conclusion in the matter, to the governor within six days. The object of this report evidently is to apprise the governor of the nature of the charges, the opinion of the board as to their truth or falsity, and to enable him to review the evidence and determine whether the conclusion of the board is justified or sustained by the evidence. If the board could remove an officer why should this report be required? Why bring to the attention of the governor charges if the board could act upon them and remove an officer? This provision repels the implication of any such authority in the board. *State v. Bacon*, 6 Neb., 289.

Our attention is called to section 6, Chap. 40, of Comp. St., which is as follows: "The board of trustees shall appoint, upon the nomination of the superintendent, a steward and matron, who, together with the superintendent and assistant physician, shall be styled the resident officers of the hospital, and shall reside in the same, and be governed by all the laws and by-laws established for the government of the hospital." This section was passed in 1873, and before the adoption of our present constitution. The act of 1873 vested the government of the hospital for the insane

in a board of trustees, who had authority as provided in section 6 above quoted. The constitution of 1875, however, abolished the board of trustees and vested the government of the hospital in the board of public lands and buildings, and, as we have seen, this board possesses no power to remove or appoint officers. This question was fully considered in *State v. Bacon,* 6 Neb., 286, and *State v. Board of Public Lands and Buildings,* 7 Id., 42, in which it was held that the board possessed no power to appoint or remove officers. These decisions were rendered after exhaustive arguments and careful examination of the subject, and as there has been no material change in the statute since that time, will be adhered to. The provision of section 10, that the governor shall appoint the superintendent and two assistant physicians, does not even by implication confer authority on the board to appoint the other officers. There being no authority in the board to appoint, that duty devolves on the governor as provided in the constitution.

AMASA COBB, *Chief Justice.*

SAMUEL MAXWELL, } *Judges.*
M. B. REESE,